USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: __________
DATE FILED: 9/2/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

BLAKE ANDREWS, *derivatively on behalf of MongoDB, Inc.*,

Plaintiff,

-v-

DEV ITTYCHERIA, *et al.*,

Defendants.

-------------------------------------------------------------- X

1:26-cv-5586-GHW

MEMORANDUM OPINION AND ORDER

GREGORY H. WOODS, United States District Judge:

On July 20, 2026, the Court ordered Plaintiff to show cause "as to why this case should not be consolidated with *In re MongoDB, Inc. Shareholder Derivative Litigation*, No. 1:24-cv-7594 with the same Lead Counsel." Dkt. No. 5. On July 24, 2026, Plaintiff submitted a response to the Court's order to show cause. Dkt. No. 20. Plaintiff asserts in response that this case should be consolidated with *In Re MongoDB, Inc. Shareholder Derivative Litigation*, No. 1:24-cv-7594 (the "Consolidated Action"). *Id.* Plaintiff also requests that the stay of all deadlines granted on May 22, 2026 in the Consolidated Action, Dkt. No. 19, apply to this action as well. *Id.* And on August 3, 2026, Defendants in the above-captioned action and Plaintiffs in the Consolidated Action each filed their response to Plaintiff's letter. Dkt. Nos. 26, 27. Defendants "agree with Plaintiff that this Action should be consolidated with the Consolidated Action" and join Plaintiff's request that the Court's stay of all deadlines in the Consolidated Action also apply to this action. Dkt. No. 26. Plaintiffs in the Consolidated Action assert that "in light of the overlapping parties and questions of law and fact" in this action and in the Consolidated Action, consolidation is "appropriate under Fed. R. Civ. P. 42(a)." Dkt. No. 27. Because these cases involve common questions of law and fact, and because consideration of judicial economy and convenience weigh in favor of consolidation, the Court orders this action be consolidated with the Consolidated Action.

Rule 42(a) of the Federal Rules of Civil Procedure authorizes the Court to consolidate two or more actions that "involve a common question of law or fact[.]" Fed. R. Civ. P. 42(a). A district court may consolidate actions either on a party's motion or *sua sponte*. *See Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1990); *Saye v. NIO Inc.*, No. 22-cv-7252, 2022 WL 17666398, at *2 (S.D.N.Y. Dec. 14, 2022) ("It is well-settled that Rule 42 gives a district court broad discretion to consolidate legal actions *sua sponte*."). In determining whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy. *Devlin*, 175 F.3d at 130. The rule should be prudently employed as "a valuable and important tool of judicial administration," *Consorti v. Armstrong World Ind.,* 72 F.3d 1003, 1006 (2d Cir.1995), *vacated on other grounds,* 518 U.S. 1031 (1996), invoked to "expedite trial and eliminate unnecessary repetition and confusion," *Miller v. United States Postal Serv.,* 729 F.2d 1033, 1036 (5th Cir. 1984). However, under the applicable law, efficiency cannot be permitted to prevail at the expense of justice—consolidation should be considered when "savings of expense and gains of efficiency can be accomplished without sacrifice of justice." *Devlin*, 175 F.3d at 130.

The Court has broad discretion to determine whether consolidation is appropriate by balancing the economy gained, an interest in avoiding conflicting results, and prejudice to the parties. *Id.* The court must consider "'[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'" *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284–85 (2d Cir. 1990) (quoting *Hendrix v. RaybestosManhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985)).

The Court finds that consolidation is appropriate. The Court believes that consolidation will

likely result in greater convenience for the parties and for the Court. This action and the Consolidated Action involve common factual issues and similar allegations against nearly the same defendants. The fact that certain defendants are named in this action and not named in the Consolidated Action does not bar consolidation. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co, Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004). No party has shown cause as to why this case should not be consolidated with the Consolidated Action, and the parties all agree that there are common questions of law and fact in these cases. Accordingly, the Court finds that there is little risk of prejudice or confusion if these cases are consolidated. Because consideration of judicial economy and convenience weigh in favor of consolidation, and there is little risk of potential prejudice, the actions are consolidated under the caption *In re MongoDB, Inc. Shareholder Derivative Litigation*, No. 1:24-cv-7594.

The Court hereby orders consolidation of this case with *In Re MongoDB, Inc. Shareholder Derivative Litigation*, No. 1:24-cv-7594. All filings and submissions shall be made under the docket number 1:24-cv-7594(GHW) only. And given the parties' request and the substantial factual overlap between the cases, the Court hereby stays all deadlines in this case pending the Court's decision on the motion for reconsideration in *Baxter v. MongoDB Inc., et al.*, No. 1:24-cv-5191. The Clerk of Court is directed to note the entry of a stay on the docket.

SO ORDERED.

Dated: September 2, 2026
New York, New York

GREGORY H. WOODS
United States District Judge